**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


RAUL DURAN GUTIERREZ,

     Petitioner,

v.

TODD M. LYONS; Acting Director of
Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Field Office
Director of Immigration and Customs
Enforcement and Removal Operations, El
Paso Field Office; MARKWAYNE
MULLIN, Secretary, U.S. Department of
Homeland Security; TODD BLANCHE,
Acting U.S. Attorney General; and GEORGE
DEDOS, Torrance County Detention Center,

     Respondents.

Case No. 1:26-cv-01468-MIS-GBW


## ORDER TO SHOW CAUSE AND ENJOINING TRANSFER


This matter is before the Court on the Petition for Writ of Habeas ("Petition"), filed by Raul Duran Gutierrez on May 10, 2026. ECF No. 1. Petitioner is an immigration detainee at the Torrance County Detention Center. Id. ¶ 1. Petitioner is a citizen of Boliva, id. ¶ 15, who entered the United States without inspection in November 2022, see id. ¶ 21. Shortly after his arrival DHS issued Petitioner a Notice to Appear. Id. ¶ 22. In October 2023 Petition filed applications for asylum and withholding of removal, which remain pending. Id. ¶¶ 15, 23. Petitioner does not have a final order of removal. Id. ¶ 15. Petitioner has no criminal history. Id. ¶ 24. Petitioner was detained by ICE in Portland, Oregan, his home since 2022, on or about October 29, 2025. Id. ¶¶ 21, 25.

Petitioner received a custody redetermination hearing on April 29, 2026, at which the

Immigration Judge (IJ) denied bond on jurisdictional grounds but held in the alternative that "if jurisdiction were found to be proper, the court would grant a bond in the amount of $5,000 with Alternatives to Detention," and "the court would find that the Respondent was neither a danger to the community nor a flight risk." Id. ¶ 3. Petitioner filed a previous petition while being held in Texas, which was denied based on Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026). Id. ¶ 35. Petitioner bases this Petition on his "materially different procedural posture" due to (1) the April 29, 2026 bond hearing, which was not part of the record adjudicated by the Texas court, (2) the extended length of Petitioner's detention, (3) and Petitioner's custody in a new facility, under a new custodian, and in a new district and circuit jurisdiction. Id. ¶ 36.

Petitioner seeks an order for immediate release under a $5,000 bond with Alternatives to Detention. Id. at 21. Petitioner also asks the Court the issue an order to show cause and to enjoin transfer. Id. at 20-21.

Having reviewed the record, the Petition may raise a colorable claim for relief. The Clerk's Office served Respondents with the Petition and added them as notice-recipients via CM/ECF, pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 2 (D.N.M. Jan. 28, 2026). ECF No. 2.

Within ten (10) business days of entry of this Order, the United States Attorney's Office ("USAO") shall respond to the Petition and show cause why the requested relief should not be granted. The USAO's answer MUST specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings. See, e.g., Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026) (finding that 8 U.S.C. § 1226(a) governed the petitioner's detention and that his continued detention violated his Fifth Amendment due process rights). Khan v. Sec'y of Dep't of Homeland

Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190 (D.N.M. Mar. 19, 2026) (granting habeas relief to petitioner where the presumptively reasonable six-month-period of confinement had expired and the respondents failed to rebut the petitioner's showing that there was good reason to believe that there was no significant likelihood of removal in the reasonably foreseeable future). **If the federal Respondents fail to timely comply with this Order, the Court may grant the relief requested in the Petition without further notice.**

If Petitioner wishes to file a reply brief, he may do so within **ten (10) days** after Respondents' response is filed.

**IT IS FURTHER ORDERED** that to preserve the status quo in the interim, Respondents are **ENJOINED** from transferring Petitioner to any facility outside the District of New Mexico and/or from removing him from the United States during the pendency of this habeas action, absent a final order of removal.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE